IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | | |
|---|---|---|---|
| **DANIEL BARFIELD,** | : | | |
| | : | | |
| **Plaintiff** | : | | |
| | : | | |
| v. | : | | |
| | : | CIVIL No: 5:14-cv-00004-CAR-CHW | |
| **Nurse MARY GORE** | : | | |
| | : | | |
| | : | PROCEEDINGS UNDER 42 U.S.C. §1983 | |
| **Defendant** | : | BEFORE THE U. S. MAGISTRATE JUDGE | |

## ORDER ON MOTION FOR RECONSIDERATION

On January 6, 2014, Plaintiff Daniel Barfield, a state prisoner currently confined at the Georgia Diagnostic and Classification Prison ("GDCP") in Jackson, Georgia, filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983. Doc. 1. According to Plaintiff's Complaint, the present action arises out of Defendants' alleged refusal to provide Plaintiff with prescribed eye glasses. The case was referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1).   Doc. 3.

Discovery commenced on March 9, 2015, after the Court entered an Order (Doc. 43) adopting the Magistrate Judge's Recommendation (Doc. 33) on Defendant's Motion to Dismiss (Doc. 10), allowing Plaintiff's deliberate indifference and retaliation claims to continue but dismissing Plaintiff's deprivation of property claim (Doc. 43). The discovery period ended on July 31, 2015, pursuant to an extension of discovery granted by the Court on July 1, 2015. Doc. 66. Plaintiff filed three discovery related motions: a Motion to Compel (Doc. 65); a second Motion for Extension of Time to Complete Discovery (Doc. 69); and a "Motion to Certify" (Doc. 70). The Magistrate Judge denied these motions on July 23, 2015. Doc. 71.

Plaintiff then filed two Motions for Reconsideration (Docs. 72, 77) of the Court's decision, as well as another Motion for Extension of Time (Doc. 73). Defendant responded to Plaintiff's first two Motions (Doc. 75), and also filed a Motion for Extension of Time to File a Motion for Summary Judgment (Doc. 76). The Magistrate Judge issued an Order construing both Motions for Reconsideration as motions for additional discovery, and subsequently denied the requests. The Magistrate Judge also extended the deadline for dispositive motions to September 18, 2015. Doc. 80.

Now Plaintiff has filed a "Motion for Clarification" which this Court construes as a Motion for Reconsideration of the Magistrate Judge's Order. Doc. 81. Motions for reconsideration of a Magistrate Judge's ruling on a non-dispositive pretrial motion are reviewed pursuant to 28 U.S.C. § 636 (b)(1)(A), which provides that a district judge "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

Here, Plaintiff fails to show that the Magistrate Judge's order denying Plaintiff's motions for additional discovery was clearly erroneous or contrary to law. Plaintiff's Motion simply restates his request for subpoenas, which the Magistrate Judge has addressed on three occasions, as well as requests additional information he did not seek during the lengthy discovery period. The record indicates that the Magistrate Judge's decisions were reasonable and consistent with this Court's responsibility for oversight of discovery in *pro se* cases. Thus, no grounds exist for reconsideration, and Plaintiff's Motions for Clarification (Doc. 81) is **DENIED**.

The parties are further advised that the deadline for dispositive motions remains unchanged.

**SO ORDERED,** this 14th day of September, 2015.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT
