# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **DANIEL BARFIELD,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL No: 5:14-cv-00004-CAR-CHW** |
| | : | |
| **v.** | : | |
| | : | |
| **Nurse MARY GORE,** | : | **Proceedings Under 42 U.S.C. §1983** |
| | : | |
| | : | |
| **Defendant** | : | |

## ORDER ON MOTION TO ALTER JUDGMENT AND
## MOTION FOR RECONSIDERATION

Plaintiff Daniel Barfield has filed a Motion to Alter Judgment and a Motion for Reconsideration before this Court. Doc. 141; Doc. 142. Judgment was entered against Plaintiff on September 30, 2016, after the Magistrate Judge recommended that Defendant's Motion for Summary Judgment be granted. Doc. 125; *Adopted* Doc. 137. Although Plaintiff now contends he has newly discovered evidence, the evidence he presents was available to Plaintiff prior to the Court's decision, and Plaintiff has not demonstrated that he is entitled to a reconsideration of this Court's previous order. Accordingly, Plaintiff's motions (Doc. 141; Doc. 142) are **DENIED.**

Plaintiff is not entitled to an altered judgment because he has not demonstrated that there is any newly-discovered evidence. A court may grant a motion for altered judgment only where there is "newly-discovered evidence or manifest errors of law or

fact." *Anderson v. Vanguard Car Rental USA Inc.*, 427 F. App'x 861, 863 (11th Cir. 2011) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir.2007)). The Court, pursuant to Rule 59(e), will not alter a judgment "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Anderson*, 427 F. App'x at 863; *see* Fed. R. Civ. P. 59(e).

Plaintiff contends that he failed to receive newly discovered evidence from Defendant, but the record shows that Plaintiff did receive the evidence several months before Defendant's Motion for Summary Judgment was granted. Specifically, Plaintiff argues he requested a stay of this case in order to obtain an "eye examine [that was] conducted on Sept. 30th, 2015." Doc. 141, p. 2. Plaintiff's Motion to Stay (Doc. 93) was denied on November 20, 2015, because most of Plaintiff's requests for evidence "[had] been addressed at other stages of the litigation, or [had] been properly objected to by the Defendant." Doc. 101, p. 2.

A review of the record further reveals that the "newly discovered evidence" Plaintiff now describes is currently in the record, and has been in the record since November 12, 2015. Doc. 97-1. Plaintiff had ample opportunity to review this evidence, as the Magistrate Judge's Recommendation was not filed until February 19, 2016. Doc. 125. As this evidence is clearly not "newly discovered," and because Plaintiff has not alleged any manifest error of law or fact, Plaintiff's Motion to Alter Judgment (Doc. 141) is **DENIED.**

Plaintiff has also filed an objection to the Court's previous order denying Plaintiff's Motions for Clarification. Doc. 142, *objecting to* Doc. 139. Plaintiff's "objection" to the order is construed as a Motion to Reconsider. Local Rule 7.6 cautions that "[m]otions for reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6. "Reconsideration is appropriate 'only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law.'" *Bingham v. Nelson*, No. 5:08-CV-246 (CAR), 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (quoting *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222–23 (M.D. Ga. 1997)). Importantly, "[a] motion for reconsideration does not provide an opportunity to simply reargue the issue the Court has once determined." *Pennamon v. United Bank*, No. 5:09-CV-169 (CAR), 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009) (quotation omitted).

Plaintiff has failed to demonstrate that reconsideration is appropriate. Plaintiff contends there were docketing errors regarding exhibits within the record. Doc. 142, p. 1. The Court properly identified the exhibits in Doc. 119, and any *possible* error was irrelevant to the outcome of the case. *See* Doc. 19-3. As the Magistrate Judge explained in the order on Plaintiff's Motions for Clarification (Doc. 139), Plaintiff's Exhibits 31.A and 31.B are within the record and were considered in this Court's ruling. *See* Doc. 86, p. 4-7. The record was complete when reviewed by both the Magistrate Judge and the

Court. Accordingly, Plaintiff's Motion to Reconsider (Doc. 142) is **DENIED.**

**SO ORDERED,** this 13th day of July, 2017.

<div style="margin-left:50%">

**<u>S/ C. Ashley Royal</u>**
**C. ASHLEY ROYAL, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**

</div>